CRICHTON, J.,
additionally concurs and assigns reasons.
1 )While I agree with the majority’s sanction and seek not to detract from the excellent discussion of the Louisiana Code of Judicial Conduct, I write separately to emphasize my view of the district judge’s role in a probation revocation matter. As the opinion- points out, La,Code Crim. Proc. Art. 822 requires that the court hold a contradictory hearing when .modifying the terms of or terminating probation.[1] In this instance, Judge Best was self-admittedly aware that the proper prosecuting agency did not receive the defendant’s mo *471 tion to terminate his probation. Moreover, the Attorney General was absent from the hearing, and the assistant district attorney plainly and clearly expressed his intention not to participate in the hearing in any way. Despite this knowledge that the hearing was in no way compliant with statutory requirements, Judge Best proceeded. In my view, while I agree Judge Best did not act in this case with actual bias or prejudice, there is no question Judge Best should not have proceeded when he was fully cognizant of the deficient form of the hearing.
Concerning Judge Best’s personal observations regarding the defendant during the probation revocation hearing, while Article 1101(B) of the Louisiana Code of Evidence states that the formal rules of evidence shall have limited | applicability in probation revocation hearings, this does not grant permission for a judge to become an advocate (or adversary), or for the rules of evidence to be globally inapplicable. Needless to.say, personal, extraneous, and random comments derived outside the record have no place in probation revocation hearings or, for that matter, in any judicial proceeding.

. La.Code Crim. Proc. Art. 881(B)(1) and (2), as well as La.Code Crim. Proc. Art. 897(A) also provide that a contradictory hearing is required when amending or terminating a sentence.